UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 20-CR-173 (WMW)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) **PLEA AGREEMENT AND** |
| | ) **SENTENCING STIPULATIONS** |
| v. | ) |
| | ) |
| MATTHEW SCOTT WHITE, | ) |
| | ) |
| Defendant. | ) |

The United States of America and MATTHEW SCOTT WHITE (hereinafter referred to as the "defendant") agree to resolve this case on the terms and conditions that follow. This Plea Agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota. This Agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1. **Charges**. The defendant agrees to plead guilty to Counts 1 of the Information charging him Arson: Malicious Destruction of a Building used in Interstate Commerce by Means of Fire and Explosives Material, in violation of 18 U.S.C. § 844(i).

2. **Stipulated Facts**. The defendant stipulates and agrees to the following facts and further agrees that, were this matter to go to trial, the United States would prove the following facts beyond a reasonable doubt: On or about May 28, 2020, the defendant entered the Enterprise Rent-A-Car ("Enterprise building") located at 1161 University Avenue West, St. Paul, Minnesota. Enterprise Rent-A-Car is a car rental business that is headquartered in St. Louis Missouri which operates fleet of more than two million vehicles

SCANNED
SEP 2 8 2020
U.S. DISTRICT COURT ST. PAUL

from 10,000 offices around the world. While inside the Enterprise building, the defendant and a juvenile accomplice maliciously started a fire inside a back office. After starting the fire, the defendant and juvenile accomplice fueled the fire by throwing papers and other flammable items onto the flames. As the defendant exited the building, he told bystanders that the building was "going up" meaning, it was going to burn. The defendant stipulates and agrees that he maliciously destroyed the Enterprise building; that he did so by means of fire; that at the time of the fire, the Enterprise building was used in interstate commerce or was used in an activity affecting interstate commerce; ~~that he encouraged, counseled, and directed the juvenile accomplice during the arson;~~ that he acted voluntarily, and that he knew his actions violated the law.

3. **Statutory Penalties**. Count 1 of the Information carries the following statutory penalties:

   a. a maximum of 20 years' imprisonment;

   b. a mandatory minimum of 5 years' imprisonment

   c. a supervised release term of not more than 3 years;

   d. a fine of up to $250,000; and

   e. a mandatory special assessment of $100.

4. **Revocation of Supervised Release**. The defendant understands that, if he were to violate any condition of supervised release, he could be sentenced to an additional

term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

5.  **Guideline Calculations**.  The defendant agrees to be sentenced in accordance with the Federal Sentencing Act, 18 U.S.C. §§ 3551, *et seq.*, with reference to the applicable United States Sentencing Guidelines ("USSG" or "Guidelines").  Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing.  The parties also acknowledge the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guideline calculations:

   a. Base Offense Level.  The Parties agree that the base offense level is **24** because the offense involved the destruction of a place of public use.  U.S.S.G. § 2K1.4(a)(1).

   b. Specific Offense Characteristics.  The Parties agree that no specific offense enhancements apply.

   c. Chapter Three Adjustments.  The parties agree that other than Acceptance of Responsibility, no Chapter 3 adjustments apply.

   d. Acceptance of Responsibility.  The Government agrees to recommend that the defendant receive a **3-level reduction** for acceptance of responsibility and to make any appropriate motions with the Court.  However, the defendant understands and agrees that this recommendation is conditioned upon the following: (i) the defendant testifies truthfully during the change of plea hearing; (ii) the defendant cooperates with the Probation Office in the pre-sentence investigation; and (iii) the defendant commits no further acts inconsistent with acceptance of responsibility.  USSG § 3E1.1.

   e. Criminal History Category.  Based on the information currently available to the parties, the defendant appears to have a criminal history category

3

of VI. This **does not** constitute a stipulation, but a belief based on an assessment of the information currently known. The defendant's actual criminal history will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing.

 f. <u>Guideline Range</u>. If the Total Offense Level is **21** (Base offense level 24, decreased by 3 levels for acceptance of responsibility), the effective Guideline Range for Count 1 is to 77-96 months' imprisonment (with a mandatory minimum of 60 months).

 g. <u>Fine Range</u>. If the total offense level is 21, the fine range is $15,000 to $150,000. U.S.S.G. § 5E1.2.

 h. <u>Supervised Release</u>. The Sentencing Guidelines call for a term of supervised release of at least two years but not more than five years. USSG § 5D1.2(a)(1).

 i. <u>Sentencing Recommendations and Departures</u>. The Parties reserve the right to make a motion for departures from the applicable guideline and to oppose any such motion made by the opposing party. The Parties reserve the right to argue for a sentence outside the applicable guideline.

6.  **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court may make its own determinations regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines. If the Court determines that the applicable advisory Guideline calculations or the defendant's criminal history category are different from that stated above, the parties may not withdraw from this Plea Agreement and the defendant will be sentenced pursuant to the Court's determinations.

4

7. **Special Assessment**.  The Guidelines require payment of a special assessment of $100 for each felony count of which the defendant is convicted. USSG §5E1.3. The defendant agrees that he is obligated to pay this amount.

8. **Waiver of Freedom of Information Act and Privacy Act**.  In exchange for the concessions of the United States made herein, the defendant agrees to waive all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

9. **Forfeiture**. The defendant agrees to forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(B), Title 18 U.S.C. § 844(c), and Title 28, United States Code, Section 2461(c), all of the defendant's right, title and interest in the property described in the Forfeiture Allegation of the Information.

10. **Restitution.** The defendant understands and agrees that the Mandatory Victim Restitution Act (MVRA), 18 U.S.C. § 3663A, applies and that the Court is required to order the defendant to make restitution to the victims of his crimes. There is no agreement with regard to the amount of restitution; however, the defendant understands and agrees that the Court may order the defendant to make restitution to any victims of his crimes regardless of whether the victim was named in the Indictment or whether the victim is included in the count of conviction. The defendant will fully and completely disclose to the United States Attorney's Office the existence and location of any assets in which the defendant has any right, title, or interest. The defendant agrees to assist the United States

in identifying, locating, returning, and transferring assets for use in payment of restitution and fines ordered by the Court. The defendant agrees to fully and truthfully complete a financial statement at least 30 days before the date of sentencing.

11. **Complete Agreement**. This, along with any agreement signed by the parties before entry of plea, is the entire agreement and understanding between the United States and the defendant.

Dated: 9/25/20

ERICA H. MacDONALD
United States Attorney

BY: BRADLEY M. ENDICOTT
Assistant U.S. Attorney

Dated: 9/25/2020

MATTHEW SCOTT WHITE
Defendant

Dated: 9/25/20

PAUL APPLEBAUM
Defense Counsel