UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Case No. 20-CR-173 (WMW)

UNITED STATES OF AMERICA,

        Plaintiff,

v.

**POSITION OF UNITED STATES REGARDING SENTENCING**

MATTHEW SCOTT WHITE,

        Defendant.

The United States of America, by its attorneys, W. Anders Folk, Acting United States Attorney for the District of Minnesota, and Assistant United States Attorney Bradley M. Endicott, hereby submits its position regarding sentencing. The United States respectfully requests that the defendant, Matthew White, be sentenced to a Guidelines term of imprisonment between 77-97 months, followed by three years of supervised release.

## RELEVANT FACTS AND PROCEDURAL BACKGROUND

Soon after the death of George Floyd during his arrest by Minneapolis Police officers, public protests began in Minneapolis and expanded throughout the Twin Cities. (Presentence Investigation Report ("PSR") ¶ 7.) Following the mostly peaceful gatherings that occurred on May 26, 2020, some of the protests escalated to acts of rioting, arson, looting, and other acts of destruction. *Id.* Between May 27 and May 28, 2020, hundreds of individuals vandalized and looted local businesses and destroyed buildings, vehicles, and other property through arson, smashing doors and windows, and throwing objects.

White was among the individuals who engaged in unlawful acts of destruction during the protests. On May 28, 2020, White, along with a juvenile accomplice set fire to

the Enterprise Rent-A-Car (Enterprise) facility on University Avenue in Saint Paul, Minnesota. *Id.* at ¶ 8. Video surveillance at the Enterprise show White and the juvenile rapidly taking trash, papers, and a box to the rear of the building after they started the fire. After the fire grew and the smoke started to billow forth, White and the juvenile ran out of the building. *Id.* As White left the building, he told bystanders that the building was "going up" meaning it was going to burn. The fire resulted in the total destruction of the Enterprise facility. The insurance payout from the fire was $664,358. *Id.* at ¶ 11.

On September 25, 2020, White pled guilty to Arson: Malicious Destruction of a Building used in Interstate Commerce by Means of Fire and Explosives Material, in violation of 18 U.S.C. § 844(i). As for Restitution, White has agreed to pay restitution, which is mandatory, as ordered by the Court. *Id.* at ¶ 10. Sentencing is currently scheduled for June 16, 2021.

## THE GOVERNMENT'S POSITION ON SENTENCING

For the reasons stated below, the Government respectfully requests this Court to impose a Guidelines sentence based on all the facts and circumstances of this case under 18 U.S.C. § 3553(a), which requires consideration of: "the nature and circumstances of the offense," "the history and characteristics of the defendant," "the need for the sentence to reflect the seriousness of the offense," "the need for deterrence," "the need to protect the public from further crimes of the defendant," and "the need to avoid unwarranted disparities." 18 U.S.C. § 3553(a).

1. *The Guidelines Range*

There are no objections to the contemplated guidelines range in the PSR. Based on a total offense level of 21 and a criminal history category of VI, the guideline imprisonment range is 77-96 months. PSR ¶ 102. The statutory minimum term of imprisonment is 60 months. *Id.* at ¶ 101.

2. *The Nature and Circumstances of the Offense*

As set forth above, the arson for which White stands convicted was extremely serious and carries inherent risk of death or injury. To be clear, the arson was not an act of lawful protest or civil disobedience. This was a crime. While White's actions earlier that day may have included lawful expressions of civil disobedience, the fire he ignited was lawless, dangerous, and immensely destructive. Moreover, White did this in the presence of a minor. White should have been the grown up and led by example. Instead, White helped light the fire inside the building, risking the lives of anyone who was inside and first responders. White's act also disrupted Minnesota commerce, as well as the livelihoods of the Enterprise's employees. In total, White's criminal act resulted in over $650,000 in property damage. A significant term of incarceration is necessary to punish this serious crime.

3. *The Criminal History of the Defendant*

White's extensive criminal history is a primary reason for a serious sentence. At the time of the arson, White already had 15 prior felony convictions. *Id.* at ¶¶ 36-40, 44-46, 49, 52-54. Those convictions include First Degree Burglary, a slew of Third Degree Burglaries, Theft, Third Degree Drug Possession, and Bank Fraud. White's criminal

history score is 29, which is over twice the number necessary to qualify category VI. What's more, White committed the arson while he was on federal supervised release after receiving a lenient time served sentence (32 days) for Bank Fraud.[1]  *Id.*  at ¶¶ 53, 56.

4. *The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, to Promote Respect for the Law, to Provide Just Punishment for the Offense; to Protect the Community; and to Afford Adequate Deterrence to Criminal Conduct.*

A guidelines term is a long sentence and a just punishment for White. This conduct represents a total breakdown of respect for the law. To promote respect for the law, there must be a true consequence for engaging in riotous property destruction. A guidelines sentence will also serve to keep the community safe by ensuring White cannot continue his pattern of criminal conduct.

There is also a need for individualized and general deterrence. Individualized deterrence is that which discourages a defendant from ever committing such a crime again. To date, White's prior convictions and sentences have failed to deter him from committing new crimes – even when under court supervision. Significant here, White was still on supervised release when he committed the instant offense. White has undoubtedly been on the receiving end of "last chance" speeches from the bench. But he has clearly failed to heed these warnings even after receiving lenient sentences and chances on supervision. The need for increased sanctions is apparent.

A significant sentence is also important as a general deterrent. General deterrence is the public response necessary to deter others from committing similar crimes. "Congress

---

[1] White's Final Revocation Hearing (18-CR-35 (JRT/TNL)) is scheduled to take place on June 16, 2021, before this Court.

4

specifically made general deterrence an appropriate consideration . . . and we have described it as 'one of the key purposes of sentencing.'" *Ferguson v. United States*, 623 F.3d 627, 632 (8th Cir. 2010) (quoting *United States v. Medearis*, 451 F.3d 918, 920 (8th Cir. 2006)). Others are more likely to be deterred from committing similar violence and destruction if they learn they will pay a stiff price for it.

A considerable term of incarceration is also necessary to provide White with needed treatment and an opportunity to reform himself. *See* 18 U.S.C. § 3553(a)(2)(D). A sentence within the Guidelines range accomplishes this end, while also acknowledging his acceptance of responsibility. Indeed, White's struggles with substance abuse and mental health issues have negatively shaped his life. While incarcerated, and later while on supervised release, White will have an opportunity to engage with this needed treatment. A term of incarceration within the Guidelines range will ensure that while in the carefully monitored environment of BOP, White can access needed programming and treatment.

At bottom, someone with the White's criminal record should not escape a hefty sentence after committing a destructive arson. The government acknowledges White's troubled upbringing, struggles with addiction, and mental health diagnoses. These should certainly inform the adjudged sentence. On the other hand, White's long criminal history is undeniable. The defendant has not shown himself amenable to "turning things around" despite the prior sentences and chances given. All in all, the defendant has earned this serious sentence.

## CONCLUSION

For all the foregoing reasons, the United States respectfully recommends that the Court impose a Guidelines term of imprisonment.

Dated: June 2, 2021 	Respectfully submitted,

	W. ANDERS FOLK
	Acting United States Attorney

	*/s/ Bradley M. Endicott*

BY:	BRADLEY M. ENDICOTT
	Assistant U.S. Attorney
	Attorney ID No. 0349872MN